## MAYORS DISQUALIFIED FROM SPECIALIZING IN PROHIBITION ON A SPLIT FEE BASIS.

Hamilton County Common Pleas Court.

IN THE MATTER OF THE APPLICATION OF ANDY BUSCH FOR WRIT OF HABEAS CORPUS EX PARTE.*

(Decided October 13, 1925.)

1. A person forced to trial before a judge having a substantial personal interest in the event of his decision has been denied trial by due process of law.

2. The mayor of a village, operating a "liquor court," which is the popular name of a mayor's court, organized on a fine splitting basis by the village council under authority of Section 6212-37 General Code., and specializing in the enforcement of prohibition co-extensive with his county, making money for his village and all concerned in the work of his court, including himself, from fines and costs he is collecting from liquor cases,— has thereby been given such a substantial interest in convictions in liquor cases as will disqualify him from sitting in the trial of such cases.

*C. W. Smedley,* for the relator.

*Chas. S. Bell,* Prosecuting Attorney, for state of Ohio.

STRUBLE, J.

The relator, Andrew Busch, is held in jail by the sheriff of this county under commitment by Mayor Hopping of North Bend, for default in the payment of a fine of $800 for the "unlawful possession of a still."

Busch claims his restraint in jail is unlawful and he asks to be discharged on a writ of habeas corpus.

*This opinion was filed by Judge Struble a year and a half ago. It was a companion piece to his opinion in the Tumey case, in which he was sustained by the U. S. Supreme Court in the recent decision by Judge Taft involving the validity of the Ohio "liquor courts." The view which the Ohio courts of review took of the question involved cast the present opinion into a deep shadow. But with the change in the current of opinion, Judge Struble is being given his innings. His fulmination, which had no hearing a year and a half ago, is coming to be the current gospel, and we give him the benefit of being the first to announce it. ED. LAW REPORTER.

The proof shows that Mayor Hopping is operating a liquor court for the village of North Bend, and specializing in the enforcement of prohibition co-extensive with Hamilton county for the money there is in it for the village, himself and all concerned in the work of his court, out of the fines and costs he collects from convictions in liquor cases.

"Liquor Court" is the popular designation of a mayor's court organized on a fine-splitting basis by the village council under the authority of Section 6212-37 General Code, and specializing in the enforcement of prohibition co-extensive with the county, as distinguished from a mayor's court not organized under such section, but left alone to function in the ordinary way.

The financial interest of the village of North Bend, the mayor himself, and everyone concerned in the work of the court, depends wholly upon conviction and the collection of fines and costs by the mayor in these liquor cases.

The question is—does this situation of Mayor Hopping as the head of this liquor court give him an interest in convictions in liquor cases of which relator's case is one. Mayor Hopping was functioning as a judge in relator's case and exercising judicial power.  It is fundamental law and a principle of natural justice that only judges disinterested in the event of their decisions have any right to exercise judicial power.  Disinterest of a judge in the event of his decision is a condition precedent to his exercising judicial power.

Relator's inalienable rights of property, liberty and safety were involved in his trial, and he had a right to a trial by due process of law according to the Bill of Rights of the Ohio and Federal Constitutions.  If Mayor Hopping was substantially interested in convicting the relator, why, the relator was then denied a trial by due process of law for the simple reason that disinterest of a judge in the event of his decision is an absolute essential of a trial by due process of law.

The proof in this case indicates another situation that seriously affects the right and jurisdiction of Mayor Hopping to function as judge in these liquor cases, and that is that his liquor court, and one other liquor court in this county, have become the favored liquor courts of

the Prohibition Department of Ohio and the Anti-Saloon League. It appears that Mayor Hopping has been on a visit at Columbus with the Prohibition Department and that the local representative of the Anti-Saloon League was there at the time; and that the Prohibition Commissioner of Ohio has one of his deputies living in North Bend and working with Mayor Hopping, which indicates the tie-up and relationship of Mayor Hopping with the prohibition department of the state.

The local representative of the Anti-Saloon League was present with Mayor Hopping at the hearing of this case in this court, and it developed that he keeps in close touch with the mayor, frequently going with the mayor's force of deputies on raids; altogether there seems to be such concord and mutuality of understanding between the prohibition department of the state, the local representative of the Anti-Saloon League and the mayor, as to make of Mayor Hopping the mere mouthpiece of the prohibition department and the Anti-Saloon League in the judgments he pronounces in these liquor cases.

The prohibition department of the state and the Anti-Saloon League engaged in the enforcement of prohibition have the power of giving or of withholding from these liquor courts a great deal of business, and it is difficult to see how they can have favored liquor courts without exciting the cupidity and destroying the poise and independence of the mayors trying liquor cases, and making them into "interested" judges.

Every right thinking individual is in favor of the observance and the due enforcement of the liquor laws, but it is a matter of common knowledge that the enforcement of prohibition by subsidizing inferior courts of the state for that purpose has been destructive of the integrity and independence of this branch of the judiciary, and the matter of first importance to the people is to maintain the integrity and independence of the judiciary.

The Court's view is that "interest" in the event of his decision left Mayor Hopping without right to begin the hearing of relator's case, wherefore his conviction of relator is void and the writ will be granted and the relator ordered discharged.